[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, 50, and the defendant, 56, first met on June 24, 1983 and were married on January 6, 1984, a second marriage for each party. Prior to the parties' marriage, the plaintiff made herself fully acquainted with the defendant's circumstances that consisted of his having periods of unemployment, no credit, residence on a boat, no driver's license and a salesman's commissions for income. The plaintiff had been a teacher and a principal in a consulting business. The defendant, employed as a CT Page 10418 salesman when married to the plaintiff, quit in July, 1985. He then worked for over a year for a twine company before leaving. The plaintiff formed a corporation involving computer hardware and software sales to provide the defendant with employment. By this time the defendant had been in therapy and remained in therapy for several years. The court has concluded that the defendant's principal behavioral problem was due to alcoholism that finally caused the defendant to be hospitalized for a 28 day program in January, 1988. The defendant has since been sober. The defendant has been a salesman for a Meriden, Connecticut company for the last four (4) years, presently earning over $43,000 annually. The company also provides an auto to the defendant. The defendant's formal education ended after one year of college.
The plaintiff, at the time of the marriage, was employed by a computer company. In 1985 she joined another firm as a vice-president, starting at $35,000. She became a partner the following year at an advanced income of $50,000 plus a paid membership in the Tunxis Club worth from $350 to $500 monthly. The plaintiff left in July, 1988 and from August, 1988 to August, 1989 attended Central Connecticut University in order to obtain her sixth year teaching certificate. After working for a year in the Orange, Connecticut school system for $59,000, the plaintiff is presently a school principal employed by the Barkhamsted Board of Education at an annual salary of $67,000.
When married to the defendant the plaintiff owned a home in Newington, Connecticut with six rooms of furniture, and enjoyed good health. In 1986 the plaintiff created a joint tenancy with the defendant in the Newington home (Plaintiff's Exhibit D) when it was remortgaged (Plaintiff's Exhibit E) to build an addition to it. A second mortgage was added to pay for the plaintiff's college expenses incurred for her child and to pay bills.
When married to the plaintiff, the defendant owned a boat with a lien on it, and stock in a family corporate business named Jamison Door Company, (c.f. Plaintiff's Exhibit P). The corporation has paid dividends annually as follows:
 1992 $4,992.50 (Plaintiff's Exhibit J) 1991 $3,994.00 (Plaintiff's Exhibit K) 1990 $7,828.00 (Plaintiff's Exhibit L) 1989 $7,588.00 (Plaintiff's Exhibit M) 1988 $7,868.00 (Plaintiff's Exhibit N) CT Page 10419 1987 $7,868.18 (Plaintiff's Exhibit O)
The defendant's 18 year old daughter was killed in a boating accident in 1984, resulting in a trust distribution to the defendant and to his former wife, with each receiving $372,126.54, (Defendant's Exhibit #14). The defendant's distribution was placed in a brokerage account at A.G. Edwards Sons, (Defendant's Exhibit #11). Besides using the account for living expenses, the account was tapped to purchase a cabin for $137,500 (Plaintiff's Exhibit T) from the defendant's brother's wife's mother located on grounds of the Tunxis Club (Plaintiff's Exhibits Y and Z), an exclusive enclave. The account was again tapped for repairs and improvements to the cabin estimated by the defendant to have cost a total of $25,000 to $30,000.
The plaintiff has striven mightily to convince the court that the plaintiff's unsuccessful efforts to reform and recreate the defendant caused the marriage breakdown when the defendant did not change. The plaintiff was well acquainted with the defendant's personality, finances, and habits, both good and bad, when she elected to marry him. Prior to the marriage the plaintiff caused the defendant to cash in his life insurance policies thereby raising about $6,000 to pay the boat lien and town liens. The plaintiff did not determine who the beneficiary of each policy was nor was there any evidence offered that the defendant objected. The defendant did testify that the plaintiff was controlling, a statement that is supported by this evidence. The court declines to assess fault unequally for the marriage breakdown. In any event, the court finds that the marriage had broken down irretrievably by early 1992.
In reviewing the evidence, the court draws the following conclusions.
The plaintiff has demonstrated substantial employment skills, has a greater earning capacity than the defendant, is younger, a college graduate, and is in good health.
The defendant, a recovering alcoholic, never finished college, has a checkered employment history and has been in counselling or therapy on and off throughout this marriage.
The court entered a dissolution on September 1, 1993 but reserved on the financial orders which are now entered as follows: CT Page 10420
1. Sole ownership of the Tunxis Club dwelling is awarded to the defendant together with all leasehold interest, membership interest, and all other appurtenances.
2. The defendant is awarded the following items of personal property (cf. Plaintiff's Exhibit BB), except the dining room table and the two (2) chairs. All remaining contents of the Tunxis cottage shall be defendant's sole property.
3. The defendant shall retain sole ownership of his Jamison Door Company stock.
4. The defendant shall pay the sum of $35,000.00 to the plaintiff as lump sum alimony by way of transfer of securities from the A.G. Edwards Sons, Inc. brokerage account (Defendant's Exhibit #11), the intention of the court being to order a non-taxable transfer.
5. The Acura auto now in the plaintiff's possession is awarded to the plaintiff as her sole property.
6. The parties shall retain, as their respective sole property, their respective retirement plans or accounts, deferred compensation accounts, bank accounts and all other property as presently possessed, and they shall be solely responsible for their own debts, holding the other harmless and indemnified.
Counsel for the plaintiff is directed to prepare the judgment file.
/s/ Harrigan, J. HARRIGAN